**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

February 10, 2012

Vincent J. Piazza, Esq.
6716 Harford Road
Baltimore, MD 21234

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD 21201

**Re: Lawrence J. O'Brien v. Michael J. Astrue, Commissioner of Social Security, PWG-10-379**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Mr. O'Brien's claim for Disability Insurance Benefits ("DIB"). (ECF Nos. 7, 11, 18).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  A hearing is unnecessary.  Local Rule 105.6.  For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion for Summary Judgement.

Mr. Lawrence J. O'Brien (sometimes referred to as "Mr. O'Brien", "Claimant" or "Plaintiff") applied for DIB on September 10, 2007, alleging that he was disabled since December 5, 2005 due to obesity, coronary artery disease, diabetes mellitus, back problems, chronic obstructive pulmonary disease ("COPD"), and hypertension. (Tr. 54, 110-104, 116). His claim was denied initially, and upon reconsideration. (Tr. 47-48). After a hearing was held before an Administrative Law Judge ("ALJ"), the Honorable William F. Clark, on July 9, 2009, a decision denying Plaintiff's claim was issued on July 24, 2009. (Tr. 52-59).

The ALJ found that Claimant retained the residual functional capacity ("RFC") to perform a range of light work activity[1]. Based on his RFC, and after receiving testimony from a vocational expert ("VE"), the ALJ concluded that Mr. O'Brien could perform his past relevant work ("PRW") as a warehouse manager. (Tr. 58). Accordingly, the ALJ found that he was not disabled.(Tr. 52-59). On January 21, 2010, the Appeals Council denied Claimant's request for review, making his case ready for judicial review.(Tr. 1-3).

Mr. O'Brien argues that the ALJ failed properly to analyze the medical evidence from his treating physicians in determining his RFC. He also argues that the ALJ's finding that he could perform his past relevant work as a warehouse manager is not supported by substantial evidence because it was heavy work, not light work, as the ALJ found. For the reasons that follow, I find that the ALJ's decision is supported by substantial evidence and it must therefore be affirmed.

Claimant's primary argument is that the ALJ failed properly to consider the opinions of his treating cardiologist, Dr. Marco Mejia[2] and his primary care physician, Dr. James Chaconas[3]. The

---

[1] The ALJ found Mr. O'Brien could not be exposed to concentrations of dust, fumes, smoke, extreme heat or humidity.(Tr. 55).

[2] In July 2009, Dr. Meija completed a Medical Assessment Report, in which he stated, relevantly, that Mr. O'Brien did not have the capacity to be on his feet for significant periods of time, did not have the strength and endurance necessary to lift objects weighing up to 10 pounds, and that Claimant would have periods of impairment exacerbation which would require him to spend significant periods of time lying down. Dr. Meija also stated that Mr. O'Brien would be absent from work for a minimum of 30 days a work year. He also stated that the intensity and duration of symptoms and side effects of his medications would cause substantial restrictions in Claimant's capacity for sustained mental alertness, concentration, and persistence in carrying out simple job duties in a competitive work environment. (Tr. 339-341).

[3] In April 2008, Dr. Chaconas completed a Medical Assessment Report, in which he stated, relevantly, that Mr. O'Brien did not have the ability to be on his feet for prolonged periods of time, did not have the strength and endurance necessary --on a sustained, regular and continuing basis—to lift objects weighing up to 20 pounds, or frequently lift objects weighing 10 pounds. (Tr. 322).

Commissioner argues that the ALJ properly afforded minimal weight to the treating doctors' opinions. *See* Defendant's Memorandum, pp. 14-19.

A treating physician's opinion is given controlling weight when two conditions are met 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques and 2) it is consistent with other substantial evidence in the record. *See Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 CFR §404.1527(d)(2)). While treating source opinions on issues reserved to the Commissioner--such as determining a claimant's RFC--are not entitled to controlling weight, the ALJ still must evaluate all of the evidence in the record to determine the extent to which the opinion is supported by it. In this case, I find that the ALJ fulfilled this duty.

Contrary to Claimant's argument, I find the ALJ adequately discussed the opinions of Dr. Meija and Dr. Chaconas and explained why he was not according their Medical Assessment Reports controlling weight. The ALJ noted that there was no evidence in their respective treatment notes to support their opinions regarding Mr. O'Brien's functional limitations. The ALJ also concluded that Dr. Chaconas' and Dr. Meija's opinions were entitled to minimal weight because they were not supported by the clinical or diagnostic testing, the nature and extent of treatments claimant required, the generally unremarkable findings upon examination of Claimant, and his ability to maintain an independent lifestyle. (Tr. 56-58, 321-323, 339-341).

In support of his findings the ALJ discussed the results of the various stress tests and echocardiograms that were performed on Claimant which showed no ischemia and normal sinus rhythm rates. *See* Exhibits 3-F and 15-F. (Tr. 258-261, 264-268, 269-277, 285-288). This evidence properly was considered by the ALJ, his findings are explained and supported by substantial evidence.

Claimant also argues that the ALJ erred by finding that his past relevant work as a warehouse manager was "light", since there is evidence in the record that Claimant performed it at the heavy level of exertion. This argument is without merit.

The ALJ's findings about the requirements of Mr. O'Brien's PRW --as it is performed in the economy--are consistent with the

VE testimony and the vocational information. The Dictionary Of Occupational Titles ("DOT") classifies the position as being performed at the light level of exertion. *See* U.S. Dep't of Labor, 184.167-114 Manager, Warehouse, 1991 WL 671234(4th Ed. 1991).

Furthermore, Social Security Ruling ("SSR") 82-62, in relevant part, provides:

> ...[D]etermination of the claimant's ability to do PRW requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; **and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles,("DOT") etc., on the requirements of the work as generally performed in the economy**.

(1982 WL 31386, *3) (S.S.A)) (emphasis added).

At the administrative hearing, Mr. O'Brien was asked about his past work. The relevant testimony was:

> ALJ: In your last job, Mr. O'Brien, did you have to lift any weight at all or?—
>
> CLMT: Weight wise. . . my position as a warehouse manager— so I'm going to say actual lifting would, would be a few pounds.
>
> VE: Okay thank you. All right then **that coordinates well with the DOT.** The **warehouse manager position that Mr. O'Brien held would be considered light** at the SVP eight, highly skilled level.

(Tr. 35)(emphasis added).

The ALJ's findings regarding Mr. O'Brien's PRW were consistent with the VE's testimony, and in accordance with the applicable rulings. In sum, the ALJ's finding that Mr. O'Brien could perform his past relevant work as a warehouse manager was appropriate and is supported by substantial evidence.

4

Finally, I am not persuaded by Claimant's argument that the ALJ failed to consider his obesity at all steps of the sequential evaluation. A person's Body Mass Index ("BMI") is not conclusive evidence that they suffer from obesity, or more importantly, that it is a severe or disabling impairment. SSR 02-1p, in relevant part, states:

> "**There is no specific level of weight or BMI that equates with a "severe" or a "not severe" impairment**. Neither do descriptive terms for levels of obesity (e.g., "severe," "extreme," or "morbid" obesity) establish whether obesity is or is not a "severe" impairment for disability program purposes."
> See SSR 02-1p  (2000 WL 628049, *4(S.S.A.))(Emphasis added).

The ALJ found that Mr. O'Brien was obese, and that his obesity constituted a severe impairment. (Tr. 54).  Claimant has not directed the Court's attention to -- nor does the Court find -- any notations made by Mr. O'Brien's doctors, or the Agency reviewers, which concluded that his weight adversely affected his ability to function beyond the level found by the ALJ, or that as he alleges Claimant's other impairments met a listing level as a result of his obesity. Rather, Dr. Meija's 2002 notes state that when weight issues were discussed with Mr. O'Brien, Mr. O'Brien stated he did not believe that his weight had contributed to any health problems. This evidence seriously undermines the argument that his obesity is disabling. (Tr. 236, 311, 314). See 20 CFR §416.912 (Evidence of your impairment). In sum, I do not find that the ALJ failed to consider the effects of Mr. O'Brien's alleged obesity in violation of SSR-02-1p.

Thus, for the reasons given, this Court **DENIES** Mr. O'Brien's Motion and **GRANTS** the Commissioner's Motion for Summary Judgment.  A separate Order shall issue.


Dated:  2/10/12                    _____/s/_____
                                   Paul W. Grimm
                                   United States Magistrate Judge

5